O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7316 AHM (JTLx) | Date | February 20, 2009 |
|---|---|---|---|

| Title | L.A. PRINTEX INDUSTRIES, INC. v. GLOBAL GOLD, INC., *et al.* |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

Plaintiff L.A. Printex Industries, Inc. creates two-dimensional graphic designs and manufactures textiles, primarily for use in the garment industry.  It brought this action against certain clothing retailers and vendors for copyright infringement, alleging that they copied a two-dimensional floral design, for which Plaintiff owns a registered copyright.  One of the defendants, Simply Fashion Stores, Ltd., has filed a motion to dismiss the claims against it pursuant to Federal Rule Civil Procedure 12(b)(6).  Plaintiff attached a copy of its alleged copyrighted design as Exhibit 1 to the Complaint, and attached a picture of the garment allegedly sold by Simply Fashion as Exhibit 4.  Based on a comparison of the two exhibits, Simply Fashion argues, the two designs lack substantial similarity, and on that ground alone, the copyright claims against it should be dismissed.

For the reasons stated below, the Court holds that Simply Fashion has not established that the two designs in Exhibits 1 and 4 of the Complaint lack substantial similarity.  Plaintiff has stated a viable claim for copyright infringement.  Accordingly, the Court DENIES Simply Fashion's  motion to dismiss for failure to state a claim.[1]

## II.   LEGAL STANDARD

---

[1] Docket No. 7.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7316 AHM (JTLx) | Date | February 20, 2009 |
|---|---|---|---|
| Title | L.A. PRINTEX INDUSTRIES, INC. v. GLOBAL GOLD, INC., *et al.* | | |

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

## III. DISCUSSION

Simply Fashion argues that Exhibits 1 and 4 attached to the Complaint contradict Plaintiff's allegations of substantial similarity between their designs. On this basis alone, it seeks dismissal of Plaintiff's copyright claims. As explained below, its position lacks merit.

### A. Degree of Copyright Protection

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7316 AHM (JTLx) | Date | February 20, 2009 |
|---|---|---|---|
| Title | L.A. PRINTEX INDUSTRIES, INC. v. GLOBAL GOLD, INC., *et al.* | | |

Simply Fashion contends that the Plaintiff's floral design is based on elements found in nature. As such, according to Simply Fashion, the design is only entitled to "thin" copyright protection, meaning a defendant's design must be virtually identical for it to be considered infringing. Simply Fashion has cited the correct authorities concerning the degree of copyright protection afforded to designs that are derived from nature, but it did not apply them correctly.

*Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003), which Defendant cited, stands for the proposition that elements of expression that inevitably follow from the idea of natural phenomena are not protected by copyright law. The underlying principle is that "expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law." *Id.* at 810. As *Satava* and cases following it demonstrate, the determination of whether an expression of a natural phenomenon is merely standard or instead demonstrates creativity requires consideration of individual elements of the specific natural phenomenon, whether it be the different components of a jellyfish or a plumeria flower. *See id.* at 811-12 (considering the artist's depiction of the jellyfish according to various detailed features of the jellyfish physiology); *Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F.Supp.2d 1072, 1077-78, 1082 (C.D. Cal. 2006) (Marshall, J.) (making findings on the characteristics of the plumeria flower in nature and dissecting the artist's representation of the plumeria). Moreover, the determination of whether a particular expression is standard stock-and-trade often cannot be made without evidence of the customs in the industry. *See, e.g.*, *Cosmos Jewelry*, 1076, 1082 (making findings after a bench trial that the technique used to create a particular finish on jewelry depiction of plumeria flower is standard in gold jewelry making); *Express, LLC v. Fetish Group, Inc.*, 424 F.Supp.2d 1211, 1226-27 (C.D. Cal. 2006) (Wilson, J.) (considering evidence on summary judgment of eight similar pieces of clothing that used the same elements).

If the artist made some original contributions to standard, unoriginal elements -- an example would be the "distinctive curls of particular tendrils" on the jellyfish in *Satava* -- those original contributions would enjoy only "thin" copyright protection. 323 F.3d at 812. A thin copyright "protects against only virtually identical copying." *Id.*

In support of its contention that Plaintiff's copyright is only deserving of thin protection, Simply Fashion asserts conclusorily that floral patterns come from nature and

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7316 AHM (JTLx) | Date | February 20, 2009 |
|---|---|---|---|
| Title | L.A. PRINTEX INDUSTRIES, INC. v. GLOBAL GOLD, INC., *et al.* | | |

are thus within the public domain. The floral patterns in Plaintiff's design are, however, comprised of many different depictions of flowers, some relatively realistic and others more creative or abstract, as well as different kinds of curls, which vary in how realistically they depict the stems and tendrils of flowers and plants. Simply Fashion has made no effort to identify the kinds of natural flowers and plants that these elements supposedly depict. Indeed, upon a cursory visual inspection, most of Plaintiff's flowers and curls look more graphic and stylized than do flowers and stems in nature. Hence, Simply Fashion's conclusion that Plaintiff's design elements are generic copies of natural phenomena is unsubstantiated.

Furthermore, in dismissing Plaintiff's design elements as generic, Simply Fashion fails to consider that "a *combination* of individually unprotectable elements may qualify for copyright protection." *Satava*, 323 F.3d at 811 (emphasis in original). Such a combination "is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work or authorship." Under these standards, even assuming the flowers and flourishes in Plaintiff's design are unoriginal by themselves, their unique arrangement may yet be a protectable combination.

In sum, Simply Fashion has not established on the basis of the pleadings that Plaintiff's design as a whole or any individual element is lacking in the requisite originality and therefore only entitled to "thin" copyright protection.

### B.   Substantial Similarity

In determining whether two works are "substantially similar" for the purposes of copyright infringement, the Ninth Circuit "employ[s] a two-part analysis: an objective extrinsic test and a subjective intrinsic test." *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004). "The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria [and] . . . requires analytical dissection of a work and expert testimony." *Id.* (internal quotations omitted). The intrinsic test measures "substantial similarity in expression ... depending upon the response of the ordinary reasonable person." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1475 (9th Cir. 1992). Specifically, it "asks whether the ordinary reasonable person would find the total concept and feel of the works to be substantially

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7316 AHM (JTLx) | Date | February 20, 2009 |
|---|---|---|---|
| Title | L.A. PRINTEX INDUSTRIES, INC. v. GLOBAL GOLD, INC., *et al.* | | |

similar." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted).

Even if the design elements and combination in Plaintiff's textile had only thin copyright protection, the Court cannot conclude that the two designs are virtually identical and share the same total concept and feel under the extrinsic and intrinsic tests of substantial similarity. Defendant points to the differences between the designs, such as the differences in density and open space, background color, the shape of the curls and flower petals. There are many similarities, however, and some of them are striking. The Court need only point to three examples: (1) Both designs contain flowers of five or six different sizes, clustered and arranged in a similar fashion. (2) Both contain nine-petaled flowers whose petals partially overlap and have a white border, as well as lighter-colored flowers with less prominent borders. (3) Both contain a flower representation comprised of just the outline of a flower with a dot in the middle. The outline, or border, extends to the stem, as if one took a paintbrush and outlined a flower and stem without lifting the brush from the paper. Moreover, in both designs, the flower petal that flows into the stem is not connected to the next petal. A reasonable observer could find these three particular flower representations to be virtually identical based on an analytic dissection and based on total concept and feel.

### C.    Access

Finally, as Simply Fashion understands, copying is proven indirectly by showing substantial similarity between the works and the defendant's access to the work. Both of these elements must be considered together. Indeed, "where a high degree of access. . . , a lesser showing of substantial similarity is required." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000), *quoted in Express*, 424 F.Supp.2d at 1227. Yet, Simply Fashion has ignored the "access" part of the equation. Plaintiff has alleged that Defendants had access to its design because Plaintiff had sent samples of the design and sold fabric bearing the design to numerous parties in the fashion and apparel industries. Compl. ¶¶ 14, 22. Simply Fashion does not contest the sufficiency of Plaintiff's allegations concerning access. Since access is not disputed on this motion, and since Plaintiff's allegations of substantial similarity are sufficient and not refutable by the exhibits, Simply Fashion is not entitled to dismissal.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7316 AHM (JTLx) | Date | February 20, 2009 |
|---|---|---|---|
| Title | L.A. PRINTEX INDUSTRIES, INC. v. GLOBAL GOLD, INC., *et al.* | | |

## IV.  CONCLUSION

For the reasons stated above, Plaintiff has stated a viable claim of copyright infringement against Simply Fashion.  Defendant's motion to dismiss is DENIED.  No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |